**DODONA I, LLC, on Behalf of Itself and All Others Similarly Situated, Plaintiff,**

v.

**GOLDMAN, SACHS & CO., et al., Defendants.**

**No. 10 Civ. 7497(VM).**

United States District Court, S.D. New York.

Signed July 30, 2015.

David Scott Frydman, Frydman LLC,
Glen Bernard Lenihan, Gusrae, Kaplan,
Nusbaum, PLLC, New York, NY, Arthur

M. Stock, Jon Jason Lambiras, Josh Michael Rubens, Lane Lanier Vines, Lawrence Jay Lederer, Merrill G. Davidoff, Robin B. Switzenbaum, Berger & Montague, P.C., Philadelphia, PA, Steven Lawrence Bloch, Bailey & Glasser, LLP, West Conshohocken, PA, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By letter dated May 14, 2015, nonparty Basis Yield Alpha Fund (Master) ("BYAFM") moved this Court for leave to intervene (Dkt. No. 218) for the limited purpose of modifying the Protective Order dated July 18, 2012, that was filed in this action (Dkt. No. 90 ("*Dodona* Protective Order")). In its June 3, 2015 Decision and Order, the Court directed lead plaintiff Dodona I, LLC, on behalf of itself and the class, ("Plaintiffs") and defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem, and Darryl K. Herrick (collectively, "Defendants"), to show cause "as to why those portions of the summary judgment motion record in this case that do not contain confidential trade secrets or other proprietary business information ... should not be unsealed." (Dkt. No. 228 ("June 3 Order").) On June 4, 2015, the Court held a telephone conference with the parties and BYAFM. (*See* Dkt. Minute Entry dated 6/4/2015.) At the conference, the Court directed the parties to notify affected third-parties and to solicit responses from those third-parties within fourteen days of the conference. (*Id.*)

For the reasons described below, the parties are directed to re-file their summary judgment submissions with the limited redactions proposed by the Defendants and the affected third-parties. In all other respects, the motion of nonparty BYAFM is **DENIED**.

## I. PRESUMPTION OF PUBLIC ACCESS

As discussed in the June 3 Order, it is well-established that documents submitted to courts in connection with summary judgment proceedings are judicial documents and are therefore entitled to a presumption of public access under both common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir.2006). Although this rule does not apply to all documents produced in discovery, a presumption of public access is essential for judicial documents because "the monitoring of the judicial function is not possible without access to documents that are *used* in the performance of Article III functions." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed.Appx. 615, 616 (2d Cir.2009) (internal quotation marks and citation omitted) (emphasis in original). "[O]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations." *Lugosch*, 435 F.3d at 123 (quotation marks and citation omitted).

Under the common law, the "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119. "[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it." *Id.* at 120 (internal quotation marks and citation omitted). These countervailing factors include, among others, the danger of impairing law enforcement or judicial efficiencies, and the privacy interests of those resisting disclosure, such as trade secrets and sources of business information that might

harm a litigant's competitive standing. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y.2009).

■ Similarly, under the First Amendment, the public and the press have a "qualified First Amendment right to attend judicial proceedings and access certain judicial documents." *Lugosch*, 435 F.3d at 120. But even when the qualified First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

■ Under the *Dodona* Protective Order, the parties have agreed to redact information self-designated as "Confidential"[1] and "Highly Confidential."[2] In its June 3 Order, the Court indicated its assessment that information properly redacted as Confidential and Highly Confidential might overcome the presumption of public disclosure. However, as other courts in this Circuit have noted, "protective orders in discovery may be more freely issued, so as 'to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial.'" *Cohen v. Gerson Lehrman Grp., Inc.*, 09–CV–4352, 2011 WL 4336679, at *1 (S.D.N.Y. Sept. 15, 2011) (*quoting Joy v. N.*, 692 F.2d 880, 893 (2d Cir.1982)). Thus, even if material is properly designated as Confidential or Highly Confidential by a

protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.

By letter dated June 10, 2015 (Dkt. No. 232), Defendants indicated that they have reexamined the confidentiality designations of materials in the summary judgment motion record and do not oppose unsealing the summary judgment record with the exception of three categories of redactions, which they argue overcome the presumption for public disclosure. Defendants identify those three categories as (1) "sensitive personal information of current and former … employees, including their home addresses, biographical information, telephone numbers and compensation" ("Category One"); (2) "the identities of customers and information concerning their trading strategies, objectives and transactions" ("Category Two"); and (3) "the fact that certain current and former Goldman Sachs employees were interviewed or deposed in connection with regulatory investigations" ("Category Three"). (*Id.* at 1–2.)

Additionally, Citigroup Alternative Investments ("CAI"), Citigroup Global Markets Inc. ("CGMI"), and JPMorgan Chase & Co.—affected third-parties subpoenaed by Defendants—submitted letters to the Court requesting that certain portions of the summary judgment filings remain sealed as they contain confidential trade secrets, other proprietary business infor-

---

1. "Confidential" information is defined as that which the disclosing party "reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, or other confidential research, development, or commercial information or confidential personal information." (*Dodona* Protective Order ¶ 4.)

2. "Highly Confidential" information is defined as that which the disclosing party "reasonably and in good faith believes that disclo-

sure of the Discovery Material beyond that permitted by this Order reasonably could (i) result in substantial competitive, commercial or personal harm to the Disclosing Party, its clients or its customers; or (ii) subject the Disclosing Party to adverse action by any regulatory authority based on laws or regulations potentially prohibiting or limiting the disclosure of information contained in the Discovery Materials." (*Dodona* Protective Order ¶ 6.)

mation, and client identities and trading activity.[3] (Dkt. Nos. 234, 236.) Defendants have informed the Court that they have not received any additional letters from affected third-parties. (Dkt. No. 237.)

By letter dated June 10, 2015, Plaintiffs indicated that they do not object to unsealing the documents and materials that the Plaintiffs had produced in discovery in this litigation, which were submitted or included in the summary judgment filings. (Dkt. No. 229.) On June 17, 2015, Plaintiffs submitted a supplemental response indicating that they do not oppose the limited redactions and sealing requested in the Defendants' June 10, 2015 letter as to documents Defendants produced that were submitted or referenced in the parties' summary judgment filings. (Dkt. No. 235 at 3.)

Further, in their June 17, 2015 letter, Plaintiffs informed the Court that of the nine third-parties they subpoenaed, only *four* objected. (Dkt. No. 235 at 2.) Those third-parties—Bank of New York Mellon, State Street Bank and Trust Company, TCW Group Inc., and CAI and CGMI—request that the identities and trading activity of their own clients that invested in the Hudson CDOs remain redacted. (*Id.* at 2, Exs. 1–3; Dkt. No. 234.) Plaintiffs do not oppose the redactions proposed by these third-parties. (Dkt. No. 235 at 3.) Additionally, Plaintiffs have represented to the Court that, after consultation with the Securities and Exchange Commission (the "SEC"), the SEC does not object to the unsealing of the materials that the SEC produced and that were submitted or referenced in the parties' summary judgment filings. (*Id.* at 3.)

■ The Court has reviewed the correspondence from the parties and the third-parties, as well as the Defendants' and third-parties' proposed redactions of the summary judgment papers. The Court now finds that the limited redactions proposed by the Defendants and the affected third-parties pursuant to Defendants' Categories One and Two overcome the presumption for public disclosure for the parties and the affected third-parties. Category One includes sensitive personal information of current and former employees of the parties and the affected third-parties, including home addresses, biographical information, telephone numbers and compensation. Category Two includes the identities of the parties' and affected third-parties' customers, as well as information concerning their trading strategies, objectives and transactions. Among the types of documents included in this category are customers' internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information. (*See, e.g.,* Dkt. No. 234.) The Court agrees with the parties and the affected third-parties that this type of information, as identified in the proposed redactions, overcomes the presumption of public disclosure. *See, e.g., United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir.1995) ("We have previously held that the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation." (internal quotation marks

---

**3.** Affected third-party Church Tavern Advisors, LLC ("CTA") also submitted correspondence to the Court requesting an extension of time to respond to the June 3 Order. (Dkt. Nos. 231, 238, 239.) The Court granted those requests for extension of time to respond, however, CTA has not submitted a show cause response by the July 29, 2015 deadline. (*See* Dkt. No. 239.)

and alterations omitted)); *Cohen*, 2011 WL 4336679, at *2 (finding that redactions concealing client identities and individual contact information were narrowly tailored, and that the privacy interests at issue overcame the presumption of access); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 14–CV–2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) ("The proposed redactions are limited to specific 'financial figures and customer information,' which are not relevant to the parties' legal dispute and implicate legitimate privacy interests.") (internal citations omitted).

Having reviewed the proposed redactions—which include the confidentiality assertions of third-parties—the Court now finds that the proposed redactions identified in Appendices A and B of Defendants' June 10, 2015 letter (Dkt. No. 232), as well as the supplemental exhibits identified in Defendants' July 13, 2015 letter (Dkt. No. 240), are narrowly tailored and that the privacy interests protected by those redactions overcome the presumption of public access. The parties are directed to re-file their summary judgment submissions with the limited redactions proposed by Defendants and the affected third-parties.

█ As to the proposed Category Three redactions, the Defendants argue that reference to SEC interviews and depositions should remain redacted under the law enforcement privilege, "at least pending any indication from those authorities that they do not wish to protect this information." (Dkt. No. 232 at 2.) The Plaintiffs have represented to the Court that the SEC does not object to the unsealing of the materials that the SEC produced that were submitted or referenced in the summary judgment filings. (Dkt. No. 235 at 3.) Therefore, those portions of the summary judgment record—identified in Appendix C as Category Three material—are

to be unredacted in the parties' subsequent filings.

## II. RULE 24(b) PERMISSIVE INTERVENTION

Having found that the parties have demonstrated to the Court that the remaining redactions in the summary judgment filings all fall into Categories One and Two and thus overcome the presumption for public disclosure, the Court now turns to the additional arguments raised in BYAFM's May 14, 2015 letter seeking permissive intervention under Federal Rule of Civil Procedure 24(b) ("Rule 24(b)") to use the parties' unredacted submissions for purposes of litigating the *BYAFM* State Action.

BYAFM—a plaintiff in *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, Index No. 652996/2011 (N.Y.Sup.Ct.) (the "*BYAFM* State Action")—seeks access to unredacted versions of the summary judgment submissions, hearing transcripts, and court decisions related to the summary judgment motions submitted in this litigation. (Dkt. No. 218.) BYAFM seeks permission to use the protected material for "purposes of litigating the civil action" in the *BYAFM* State Action. (*Id.* at 1.)

By letter dated May 20, 2015, Defendants opposed BYAFM's motion seeking permissive intervention. (Dkt. No. 219.) Defendants state that the *BYAFM* State Action is based on investments in the Point Pleasant 2007–1 and Timberwolf 2007–1 CDOs, not the Hudson CDOs at issue in this case, and that BYAFM was "certainly free to pursue production of the information it now seeks in the [*BYAFM* State Action] if it thought that material was relevant to the CDO transactions [in the *BYAFM* State Action], but has not done so." (*Id.* at 1.) Defendants argue that

BYAFM seeks to gain access to the protected material "through the back door" after failing to make such document requests by the March 19, 2012 deadline set in the *BYAFM* State Action for such requests. (*Id.*)

In its May 14, 2015 letter, BYAFM cites to *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir.2005), for the proposition that permissive intervention under Rule 24(b) "is the proper method for a nonparty to seek a modification of a protective order." (Dkt. No. 218 at 2.) However, in *AT & T Corp.*, the Second Circuit affirmed the district court's *denial* of a motion to intervene. 407 F.3d at 560. The Second Circuit recognized a court's "broad discretion" when considering permissive intervention and that:

It is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.' Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'

*Id.* at 562 (citations omitted). There, the Second Circuit agreed that the proposed intervenor's motion "appear[ed] to be an attempt to circumvent the close of discovery in his State Court Action." *Id.*

 As in *AT & T Corp.*, the request to intervene here appears to be an attempt to circumvent the March 19, 2012 close of discovery in the *BYAFM* State Action. In addition to this request, Defendants point to prior attempts by BYAFM to "reopen and broaden discovery." (Dkt. No. 219 at 2.) Further, the Court is not persuaded that the *BYAFM* State Action shares a common question of law or fact with the case at hand, for purposes of Rule 24(b) intervention. As Defendants note, the

claims in the *BYAFM* State Action center on investments in the Point Pleasant 2007–1 and Timberwolf 2007–1 CDOs, whereas the claims in the above-referenced action involve two entirely different CDOs: Hudson 1 and Hudson 2.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that lead plaintiff Dodona I, LLC, on behalf of itself and the class, and defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem, and Darryl K. Herrick (collectively, "Defendants"), re-file their summary judgment submissions to conform with the proposed Category One and Category Two redactions submitted by Defendants and the relevant third-parties; and it is further

**ORDERED** that the motion of nonparty Basis Yield Alpha Fund (Master) ("BYAFM") for leave to intervene (Dkt. No. 218) for the limited purpose of modifying the Protective Order is **DENIED.**

**SO ORDERED.**